IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARETTE HILL-CASTLEBERRY,           )
                                    )       Civil Action No.  2:24-cv-315
            Plaintiff,              )
                                    )
    v.                              )
                                    )
UNIVERSITY OF PITTSBURGH,           )       JURY TRIAL DEMANDED
                                    )
            Defendant.              )       Electronically Filed.

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, LARETTE HILL-CASTLEBERRY, by and through her

attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO

A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this

Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights,

and in particular, the right to be free from illegal, invidious and damaging discrimination in her

employment, which rights are guaranteed by the Constitution of the United States and the laws

and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964,

42 U.S.C. §2000e, *et seq.* (as amended) ("Title VII"), the Age Discrimination in Employment

Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Family and Medical Leave Act, 29 USCS §§

2611 *et seq.* ("FMLA")..

2.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3.      Venue is proper under 28 U.S.C. § 1391(b).  All claims set forth herein arose in the

Western District of Pennsylvania.

4.      Pursuant to the violations described herein in Counts I and II, this Court is also empowered

to exercise pendant jurisdiction over the claims set forth in Count IV pursuant to the Pennsylvania

Human Relations Act ("PHRA"), 43 P.S. § 951.

5.      Plaintiff has satisfied all procedural and administrative requirements, and in particular:

   a.      Plaintiff filed a charge with the Equal Employment Opportunity
           Commission ("EEOC") on or about September 13, 2022, and said charge
           was cross-filed with the Pennsylvania Human Relations Commission
           ("PHRC").

   b.      The EEOC issued a Notice of Dismissal and Right to Sue dated December
           14, 2023; and

   c.      Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of
           the Notice of Dismissal and Right to Sue.

## PARTIES

6.      Plaintiff, Larette Hill-Castleberry, is a fifty-nine (59) year old African-American female

residing in Allegheny County, Pennsylvania.

7.      Defendant, University of Pittsburgh, is now, and was at all times relevant to Plaintiff's

claims, a private institution of higher education with a registered address of 200 S. Craig Street,

100 Craig Hall, Pittsburgh, Pennsylvania, 15260.

8.      At all times relevant hereto, Defendant was acting through its agents, subsidiaries,

officers, employees and assigns acting within the full scope of their agency, office, employment

or assignment.

## FACTUAL ALLEGATIONS

9.      Plaintiff was employed by the Defendant from in or about June of 1983 until her

constructive discharge, on or about April 15, 2023.  At the time of her constructive discharge,

Plaintiff held the position of Research Clinical Coordinator.

10.     At all times relevant to this Complaint, Plaintiff was the only African-American

2

employee of the Defendant in the Translational Research Unit.

11.     Similarly-situated younger and/or Caucasian employees were treated more favorably by the Defendant than the Plaintiff throughout the Plaintiff's employment.

12.     For several years, Plaintiff was subjected to a hostile work environment, harassment, and excessive scrutiny of her job performance by Defendant's manager for the Translational Research Unit, Lynda Dzubinski ("Dzubinski"), a Caucasian female.

13.     Ms. Dzubinski also disclosed the Plaintiff's medical information to other individuals, without the Plaintiff's consent, on several occasions.

14.     Plaintiff believes, and therefore avers, that she was subjected to a hostile work environment, harassment, and excessive scrutiny of her job performance based on her race, African-American, and/or age, fifty-nine (59).

15.     In or about June of 2018, Plaintiff took FMLA leave due to a family issue.

16.     When the Plaintiff returned from FMLA leave, in or about September of 2018, Ms. Dzubinski asked the Plaintiff if she was going to retire.

17.     Ms. Dzubinski also supervised a younger, Caucasian employee.  Ms. Dzubinski did not harass and/or over-scrutinize the job performance of that younger, Caucasian employee.

18.     However, Ms. Dzubinski constantly monitored the Plaintiff's work.

19.     Ms. Dzubinski also instructed Plaintiff's younger and/or Caucasian co-workers to monitor the Plaintiff's work.

20.     Ms. Dzubinski did not instruct the Plaintiff and/or other employees to monitor the work of younger and/or Caucasian employees.

21.     Plaintiff believes, and therefore avers, that Ms. Dzubinski over-scrutinized the Plaintiff's job performance and instructed other employees to monitor her job performance based on the

Plaintiff's race, African-American and/or age, 59, and/or in retaliation for the Plaintiff's use of FMLA leave.

22.    In or about March 15, 2022, Plaintiff was forced to take FMLA leave due to stress caused by the hostile work environment created by Ms. Dzubinski, based on her race and/or age.

23.    When the Plaintiff returned, on or about April 20, 2022, Ms. Dzubinski continued to harass the Plaintiff and over-scrutinize her work.

24.    Plaintiff believes, and therefore avers, that Ms. Dzubinski continued to over-scrutinize the Plaintiff's job performance based on the Plaintiff's race, African-American and/or age, 59, and/or in retaliation for the Plaintiff's use of FMLA leave.

25.    On or about May 6, 2022, Plaintiff took again FMLA leave, due to stress caused by the hostile work environment created by Ms. Dzubinski, and returned June 22, 2022.

26.    Ms. Dzubinski continued to harass the Plaintiff and over-scrutinize her work after the Plaintiff returned from FMLA leave.

27.    Plaintiff believes, and therefore avers, that she has been discriminated against by the Defendant based on her age, 59, and/or race, African-American, in that similarly situated younger and/or Caucasian employees are treated more favorably than her by the Defendant, as described hereinbefore above.

28.    Plaintiff also believes, and therefore avers, that she was subjected to harassment and over-scrutiny of her job performance in retaliation for her use of FMLA leave.

29.    As a result of the Defendant's conduct, Plaintiff was constructively discharged on April 15, 2023.

30.    As a result of Defendant's conduct, Plaintiff has been adversely affected both financially and professionally and has suffered extreme emotional and physical distress.

31.     Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan,

pattern or practice of discrimination.

COUNT I:

TITLE VII – RACE DISCRIMINATION

32.     Plaintiff incorporates by reference Paragraphs 1 through 31 as though fully set forth at

length herein.

33.     As described hereinbefore above, Plaintiff was discriminated against based upon her race,

African-American, in that she was treated differently than Caucasian employees and subjected to

harassment and a high level of job scrutiny.

34.     Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan,

pattern or practice of discrimination based on race.

35.     As a direct result of the Defendant's discriminatory actions and violations of Title VII of

the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has incurred counsel

fees and other costs in pursuing her legal rights.

36.     The Plaintiff has also suffered emotional, psychological, and physical distress,

inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of

the Defendant's discriminatory conduct, as described above.

37.     The actions of the Defendant, through its employees, were intentional, willful and

deliberate and/or done with reckless disregard for the rights of the Plaintiff.

38.     The actions on part of the Defendant are part of a plan, practice or pattern of

discrimination which may affect others who are similarly situated to the Plaintiff.

5

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.      that the Court award damages to the Plaintiff to compensate her for damages resulting from her pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

d.      that the Court  award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

e.      that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

ADEA – AGE DISCRIMINATION

39.    Plaintiff incorporates by reference Paragraphs 1 through 38 as though fully set forth at length herein.

40.    As described hereinbefore above, Plaintiff was subjected to discrimination based on her age, in that she was treated differently than younger employees and subjected to harassment and a high level of job scrutiny, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

41.    As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits,

prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

42.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendant and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

43.     Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

b.     that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.     that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

d.     that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e.     that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and
        proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT

FMLA - RETALIATION

44.     Plaintiff incorporates by reference Paragraphs 1 through 43 as though fully set forth at

length herein.

45.     As described hereinbefore above, Plaintiff was entitled to FMLA benefits.  Defendant

retaliated against the Plaintiff for exercising her rights under FLMA when she was subjected to

harassment and a high level of job scrutiny.

46.     As a direct result of Defendant's discriminatory actions, and in violation of the FMLA,

Plaintiff has and/or will incur counsel fees and other costs in pursuing her legal rights.  Plaintiff

has also suffered from emotional distress, inconvenience, humiliation, defamation of character

and stress.

47.     Defendant's actions as aforementioned were intentional, willful and deliberate and/or

done with reckless disregard for the rights of the Plaintiff.

        WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendant's actions to be
        unlawful and violative under the FMLA;

b.      that the Court award the Plaintiff back pay damages and other benefits lost
        due to the Defendant's unlawful conduct plus interest from the date of
        discrimination;

c.      that the Court award damages to the Plaintiff to compensate her for
        damages resulting from her pain, suffering and inconvenience, as well as
        such other compensatory damages as permitted by law;

8

d.      that the Court award the Plaintiff punitive damages as a result of the
        Defendant's willful violation under the FMLA;

e.      that the Court award the Plaintiff pre-judgment and post-judgment interest
        from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this
        action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and
        proper.

JURY TRIAL DEMANDED

COUNT IV:

PENNSYLVANIA HUMAN RELATIONS ACT

48.     Plaintiff incorporates by reference Paragraphs 1 through 47 as though fully set forth at
length herein.

49.     Defendant's actions in subjecting the Plaintiff to discrimination based on her race, and/or
age, maliciously and with reckless indifference to Plaintiff's right to be free from such
discrimination and retaliation in violation of the PHRA.

47.     As a direct result of the Defendant's discriminatory actions in violation of the PHRA,
Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.  The Plaintiff has
also suffered from emotional distress, inconvenience, humiliation, loss of standing among her
peers and stress.

48.     The actions on the part of the Defendant were intentional and willful and were done with a
reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a Judgment declaring the Defendants' actions to be
        unlawful and violative of the PHRA;

9

b.      that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of PHRA;

c.      that the Court award the Plaintiff compensatory damages as a result of Defendants' actions being unlawful and violative of the PHRA;

d.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

e.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

f.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDE

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone

Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  March 12, 2024